BLANCHE, Judge.
Plaintiffs, Alvin Joseph and Marvesteen Bell Joseph, his wife, filed this suit to recover damages resulting from a three-car collision which occurred on July 18, 1970, in the Town of Belle Rose, Assumption Parish, Louisiana. The scene of the accident was Louisiana Highway No. 1 near its “T” intersection with a road exiting from a bridge over Bayou Lafourche. Plaintiff husband, driving his 1965 Chevrolet with his wife and child as passengers, was either stopped or proceeding slowly on the western shoulder of Highway No. 1 headed against oncoming traffic. An oncoming vehicle proceeding in a southerly direction along Highway No. 1, driven by Bobby Herring, collided with the Joseph vehicle when the Herring vehicle veered to the right allegedly to avoid an accident with a third vehicle driven by Nary P. LeGleu. The LeGleu vehicle was entering the highway from the bridge exit on the east and allegedly created an emergency to Herring when it appeared that this vehicle was going to enter Herring’s lane of travel. The Herring automobile collided with both the Joseph and LeGleu vehicles, although a controversy exists as to which collision came first.
Plaintiffs filed suit against Aetna Casualty & Surety Company (erroneously referred to as “Aetna Life & Casualty Insurance Company”), insurer of the vehicle owned by Woodrow Herring and driven by Bobby Herring, and also against Nary P. LeGleu.
Defendant Aetna answered the suit denying the negligence of Bobby Herring, alleging that the accident was caused by the negligence of Nary P. LeGleu and the contributory negligence of plaintiff Alvin Joseph and filed a third party demand against LeGleu and Joseph, alternatively asking for contribution.
Defendant LeGleu answered generally denying the allegations of plaintiffs’ petition and filed a third party demand against Aetna and Joseph, also alternatively asking for contribution.
The trial court rendered judgment for plaintiff, Alvin Joseph, in the sum of $382.-41 and for plaintiff, Marvesteen Bell Joseph, in the sum of $4,500 against defendant, Nary P. LeGleu, dismissed plaintiffs’ suit against Aetna and further dismissed the third party demands of Aetna and LeGleu.
From this judgment plaintiffs have devol-utively appealed, assigning as error the trial court’s conclusion that the negligence of Bobby Glenn Herring was not a proximate cause of the accident based on the factual situation determined by the trial court and alternatively that the trial court erred in its finding of fact as to how the accident occurred. Plaintiffs further assign as error the trial court’s conclusion in regard to quantum.
The critical issue in the case concerns the findings of fact by the trial judge. We have reviewed the record with regard to these findings, and it is our opinion that not only are they not manifestly erroneous but also, with minor exceptions, they are correct in every respect. The trial judge, in a thorough and well-written opinion, concluded that the accident was caused when LeGleu created an emergency to Herring. We quote with approval from his Reasons for Judgment as follows :
“Louisiana Highway No. One is a standard two lane asphalt surfaced highway running in a northerly-southerly direction. The asphalt measures approximately 22 feet in width and is divided down the center by a broken painted white stripe dividing the highway into a northbound lane of travel towards Don-aldsonville and a southbound lane towards Napoleonville. The outer edges of the asphalt are marked by a solid white line. At the Town of Belle Rose Highway No. 1 is intersected on the east by a bridge over Bayou Lafourche which connects Louisiana Highway 308 with said Highway No. 1. About 300 feet *716 north[1] of the bridge Highway No. 1 is intersected from the west by Louisiana Highway No. 998, designated locally as the Tigerville Lane. Both of these intersections form T-intersections. Approaching Highway No. 1 from the bridge across Bayou Lafourche, the right corner is marked with a stop sign and the view to the north is unobstructed, the left corner is obstructed by a house, trees and shrubbery.
“On Saturday July 18, 1970, at about 4 P.M. Alvin Joseph had driven his Chevrolet automobile up to the barber shop on the western shoulder of Highway 1 intending to buy a newspaper. Unable to buy a paper he then proceeded north-wardly along the shoulder on the west side of the highway intending to make a left turn into the Tigerville Lane. It had been raining and the highway and shoulders were wet.
“About the same time Nary P. LeGleu was driving his 1956 Chevrolet from Louisiana Highway 308 across the Belle Rose Bridge towards Highway 1.
“As these two vehicles approached the T-intersection of the bridge and the highway, Bobby Herring was driving the 1963 Ford in the southbound traffic lane approaching the Belle Rose bridge from the north.
“When the vehicles reached a point opposite the Belle Rose bridge the collisions involving all three vehicles occurred.
“Because of the contrary versions given by eye witnesses as to the sequence of events, the Court places more weight on the physical aspects of the accident than upon the testimony of the witnesses. The accident was investigated by Trooper 1st Class Donald Baudoin and the Court was impressed with the thoroughness of his investigation as well as his testimony from the witness stand. The trooper determined that there were two points of impact between the three vehicles. The first point of impact was opposite a projection of the north side of the bridge approach on the western shoulder of Highway 1 about two feet off the outer edge of the asphalt surface of said highway. The second point of impact was three feet from the center line of the said highway in the southbound traffic lane directly opposite the bridge approach. The Herring vehicle was observed by him to have been damaged on the right front and on the left rear side. The Joseph vehicle was damaged on its right side and the LeGleu vehicle was damaged on its front. Following the accident the Herring vehicle continued down the highway a measured distance of sixty feet beyond the second point of impact where it was driven off onto the western shoulder. The Joseph vehicle remained on the western shoulder with its front at about the point of impact, while the LeGleu vehicle was knocked backwards in the direction of the bridge, a distance of about six feet inside the northbound lane facing west. The tropper observed that the posted speed limit was 45 miles an hour through Belle Rose. The Herring vehicle left no skidmarks prior to the point of impact. There were scuff marks between the point of impact on the western shoulder and the point of impact in the southbound traffic lane opposite the bridge approach.
“Relying primarily upon the physical aspects, the Court reaches the conclusion that the vehicle driven by Bobby Herring veered out of the southbound traffic lane and slid into the automobile of Alvin Joseph on the shoulder of the roadway striking this car on its righthand side, whence it veered and slid into the car of Nary LeGleu which was then two *717 to three feet within the southbound traffic lane.
“The physical damage suffered by the three vehicles also confirms this version. The Joseph vehicle was damaged along its right side, the Herring vehicle was damaged at its right front and left rear while the LeGleu vehicle was damaged in front. The scuff-marks between the two points of impact indicate that the Herring car struck the Joseph car and then slid at an angle of about 45° into the front of the LeGleu automobile.
“Under the circumstances, since all of the drivers are charged with some negligence, the Court has to determine which negligence, if any, was the proximate cause of the accidents and the resulting damages.
“Alvin Joseph was proceeding north-wardly on the western shoulder of the highway. At first blush, this may appear to be negligence. However, when we consider that this shoulder was actually wide enough to be used as a parking area and that Joseph was proceeding very slowly towards the Tigerville intersection we do not consider this conduct to be actionable negligence or the proximate cause of the accidents. Then too, his conduct cannot be imputed to his wife, Mrs. Marvesteen Joseph.
“The Court finds that Herring was proceeding south in the southbound traffic lane. When the driver had passed the Tigerville Lane he swerved to the right, applied his brakes and slid into the car on the shoulder. After this contact, his car veered into the approaching vehicle of Nary P. LeGleu then some two or three feet in the southbound traffic lane and from that point continued some sixty feet in the southbound lane. The absence of skidmarks prior to the point of impact and the distance which the car slid on the wet pavement thereafter indicate a sudden emergency and that Herring was not driving at an excessive rate of speed. The question to be determined is whether he lost control of his automobile or whether his course of action was caused by the approaching vehicle of Nary LeGleu.
“Herring testifies that he saw the car coming off the bridge and thought it would stop at the stop sign. It did not and when it reached the center line of the highway, Herring applied his brakes and slid off the road into the Joseph automobile.
“Nary LeGleu testified that upon approaching the bridge he did not come to a complete stop. He further testified that upon entry into the highway he attempted to apply his brakes but that his car continued to roll until it collided with the Herring car in the southbound lane. (See pages 8 and 12 of Deposition of Nary P. LeGleu)[2]
“We believe that the proof is convincing that the sole proximate cause of the collision was the negligence of defendant Nary P. LeGleu. Defendant Herring was confronted with a sudden emergency not of his own making and accordingly under the circumstances is not guilty of negligence.
“We therefore find that the sole proximate cause of these accidents was the negligence of defendant Nary P. Le-Gleu * * (Reasons for Judgment, Record, pp. 76-79)
Plaintiffs can take no comfort in the fact that the trial judge was in error as to the distance of the bridge from Louisiana Highway 998. Plaintiff husband and his witnesses testified that he was stopped with the rear of his vehicle next to a fire plug located on the west side of the highway, *718 which would place him approximately 300 feet from the intersection. Were he in such a position, then he would have been to the right or south of the LeGleu vehicle, and this fact would corroborate his witnesses’ testimony that the Herring vehicle hit the LeGleu vehicle first and then bounced off the LeGleu vehicle and hit plaintiff.
Except for the purpose of corroborating the testimony of plaintiffs’ witnesses, it would make no difference which collision occurred first if plaintiffs had proved that the cause of the accident was the negligence of Herring in wrongfully anticipating that LeGleu would cross over into the southbound lane of Highway No. 1. Otherwise, Herring should have remained in the southbound lane in which he was traveling instead of slamming on his brakes on a wet highway, losing control of his vehicle, and running off the road into the Joseph vehicle.
However, there is no manifest error in the trial judge’s conclusion that the accident did not occur in such a fashion, in view of the testimony of both Herring and LeGleu that Herring went off the road to the right and hit the Joseph vehicle first and then the LeGleu vehicle. The physical damage to the automobiles corroborates this testimony.
Additionally, we note that Trooper Baudoin testified that he found physical evidence at the scene to indicate that the impact between the LeGleu vehicle and the Herring vehicle was in Herring’s lane of travel. The fact that this officer was not familiar with the area and did not correctly estimate the distance between the bridge and Louisiana Highway 998 at trial was not, in our opinion, sufficient reason for the trial judge to disregard his testimony. It would only be relevant if we believed that Joseph was parked at the fire plug at the time of the accident. The foregoing considered, we are of the opinion that Joseph was forward of the LeGleu vehicle at the time of the accident.
Even LeGleu admitted that he failed to stop before entering the highway, claiming he could not properly observe oncoming traffic due to the incline at the bridge exit. He also admitted he had difficulty with his brakes at the time he attempted to stop upon entering the highway.
We, therefore, agree with the trial judge that the negligence of Nary P. Le-Gleu was the sole and proximate cause of the accident and Herring was confronted with a sudden emergency not of his own making and, accordingly, is not guilty of any negligence.
We find no error in the trial judge’s award to Marvesteen Joseph for her personal injuries. Plaintiff has argued that the award is inadequate because she suffered three separate injuries in the accident. Even admitting the accuracy of this assertion, we find that she only suffered an injury which resulted in muscle strain in three areas, i. e., a moderately severe strain of the neck, of the posterior area of the chest and of the lumbosacral area which disabled her for a period of approximately five weeks and which gradually subsided without residual effects. Under the circumstances, we find the award of $4,500 to be adequate.
We likewise find no error in the trial judge’s award to Alvin Joseph of $382.41, representing $100 for the stipulated cost of repairs to the vehicle plus medical expenses incurred as a result of injuries received by his wife.
Accordingly, the judgment of the trial court is affirmed, all costs to be borne by appellants.
Affirmed.

. The trial judge and the State Police officer who made an investigation of the accident are in error. Prom a right-of-way map of the Department of Highways filed in evidence, it is estimated that the distance is less than 100 feet.

. LeGleu did not testify that he entered the southbound lane, but to the contrary, testified that he stopped “halfway of the distance between, from the white line on my side to the center of the highway,” in the northbound lane. (Deposition of Nary P. LeGleu, p. 9)